UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

GARY COOPER,                                          Civil No. 08-5054 (ADM/FLN)

        Petitioner,

  v.                                                   **REPORT AND RECOMMENDATION**

JESSICA SYMMES,

        Respondent.

---

      This matter is before the undersigned United States Magistrate Judge on Petitioner's

application for habeas corpus relief under 28 U.S.C. § 2254.  The case has been referred

to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule

72.1.  For the reasons discussed below, the Court will recommend that this case be

summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section

2254 Cases in the United States District Courts.[1]

## I.  BACKGROUND

      In 1996, Petitioner was convicted in the state district court for Hennepin County,

Minnesota, on a charge of first degree murder.  He was sentenced to life in prison, and he

is presently serving his sentence at the Minnesota Correctional Facility at Stillwater,

Minnesota.

      Petitioner challenged his conviction and sentence on direct appeal, claiming that

there was insufficient evidence to support the jury's verdict.  (Petition, [Docket No. 1], p. (3),

¶ 9.(d).)  On March 27, 1997, the Minnesota Supreme Court denied all of Petitioner's claims

---

    [1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss
the petition and direct the clerk to notify the petitioner."

on the merits, and affirmed his conviction and sentence. State v. Cooper, 561 N.W.2d 175 (Minn. 1997), ["Cooper I"].[2]

Petitioner's subsequent state court proceedings, (following his direct appeal), are reported in a later decision by the Minnesota Supreme Court – Cooper v. State, 745 N.W.2d 188 (Minn. 2008), ["Cooper II"].  Sometime after Petitioner's conviction was affirmed on direct appeal, he filed a post-conviction motion in the trial court, claiming that he had been deprived of his constitutional right to effective assistance of counsel at trial. Id., at 190.  That motion was denied without a hearing because Petitioner did not offer any evidentiary support for his claim, and Petitioner did not appeal the trial court's ruling.  Id.

"Five years later [Petitioner] filed a second petition for post-conviction relief." Id. He was represented by counsel on his new post-conviction motion, which presented new claims of ineffective assistance of counsel, both at trial and on appeal.  Id.  Petitioner's second post-conviction motion also was denied without a hearing, and he again did not appeal.  Id.

Sometime later, Petitioner filed a third post-conviction motion, this time acting pro se once again.  Id.  Petitioner's third post-conviction motion presented three claims for relief: "prosecutorial misconduct, improper communication between the trial judge and the jury, and ineffective assistance of counsel."  Id.  The trial court denied the third post-conviction motion, (again without a hearing), and this time Petitioner appealed the trial court's ruling.  In a published decision dated February 28, 2008, the Minnesota Supreme

---

[2]  Under Minnesota law, appeals in first degree murder cases are taken directly to the State Supreme Court, rather than the Minnesota Court of Appeals.  Minn.Stat. § 632.14.

Court rejected all of the claims raised in Petitioner's third post-conviction motion.  All of Petitioner's claims were found to be procedural defaulted, and without merit.  Id. at 590-94.

Petitioner's current federal habeas corpus petition, which was filed on August 29, 2008, lists four claims for relief:

(1) that Petitioner was deprived of his constitutional right to effective assistance of counsel at trial, because of several alleged errors by his attorney;

(2) that Petitioner was deprived of his constitutional right to effective assistance of counsel on appeal, because the attorney who represented him on direct appeal did not raise the errors allegedly committed by his trial counsel;

(3) that the trial court erred by (a) failing to declare a mistrial after the prosecutor made certainly allegedly improper remarks during his opening statement, and (b) not allowing the jury to review the testimony of a witness named David A. Lindman; and

(4) that the prosecutor made several remarks during his opening and closing statements, which constituted prosecutorial misconduct.

(Petition, pp. (5) - (6); ¶ 12.)

However, the Court cannot reach the merits of any of Petitioner's current claims, because this action is clearly barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

## II.  DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates.  The statute provides as follows:

"**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable.  In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitations period; nor is there any suggestion that Petitioner's current claims are based on any new, retroactively applicable, constitutional ruling, or any new evidence that could extend the deadline for seeking federal habeas corpus relief.

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court on direct appeal on March 27, 1997.  However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for filing a petition for

4

writ of certiorari with the United States Supreme Court.  <u>Smith v. Bowersox</u>, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), <u>cert</u>. <u>denied</u>, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court.  Sup. Ct. R. 13.1.  Thus, Petitioner's judgment of conviction became "final," for purposes of § 2244(d)(1)(A), on June 25, 1997 -- 90 days after the Minnesota Supreme Court upheld his conviction and sentence on direct appeal in <u>Cooper I</u>.  <u>See</u> <u>Boston v. Weber</u>, 525 F.3d 622, 624 (8th Cir.  2008) ("[w]hen the state court of last resort enters a judgment in a direct criminal appeal and the petitioner does not seek a writ of certiorari, the judgment is final [for purposes of § 2244(d)(1)(A)] at the conclusion of the ninety days allowed by the Supreme Court for the filing of such a writ").

At some point after <u>Cooper I</u>, Petitioner filed his first post-conviction motion in the trial court.  On that date, the statute of limitations was tolled, pursuant to 28 U.S.C. § 2244(d)(2).  The statute remained tolled during the entire period of time that Petitioner's first post-conviction proceedings were pending in the state courts.  <u>Mills v. Norris</u>, 187 F.3d 881, 883-84 (8th Cir. 1999).

Petitioner has not disclosed the exact date when he filed his first post-conviction motion, (thereby tolling the statute of limitations), and that date is not otherwise readily ascertainable.  However, even if Petitioner filed his first post-conviction motion before June 25, 1997, thereby tolling the statute of limitations before it even began to run, this case is still time-barred.  If Petitioner is given the benefit of that assumption – i.e., that he tolled the statute of limitations before it otherwise would have begun to run – then the one-year federal statute of limitations would not have begun to run in this case until the date when

the trial court denied the first post-conviction motion.

The current petition shows that Petitioner's first state post-conviction motion was denied on March 18, 1998.  (Petition, p. (4), ¶ 11(a)(6).)  However, even if the statute of limitations did not begin to run until Petitioner's first post-conviction action was completed on March 18, 1998, the present habeas corpus petition is still time-barred, because <u>the federal statute of limitations was running for five years</u> before Petitioner next challenged his conviction in any court.  <u>Cooper II</u>, 745 N.W.2d at 190 (five years passed between the end of Petitioner's first post-conviction motion, and the filing of his second post-conviction motion).  Thus, even if the federal statute of limitations did not begin to run until Petitioner's first post-conviction action was fully completed, the § 2244(d)(1)(A) one-year limitation period had expired several years before Petitioner filed his second post-conviction motion. Petitioner's second post-conviction motion was filed long before the current petition was filed, so it necessarily follows that the one-year limitation period expired long before the current petition was filed.

Petitioner may believe that his second and third post-conviction motions somehow 'reset the clock," so that the federal one-year limitations period that did not begin to run until the last of his state post-conviction proceedings were fully complete.  That, however, is simply not the case.  "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." <u>Cordle v. Guarino</u>, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).  Once the statute of limitations expired in this case – which occurred several years before Petitioner filed his second post-conviction motion – it could not be restarted by his subsequent post-conviction

motions.[3]

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred.  See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled").  The Court of Appeals has made it very clear, however, that such tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction."  Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added).  "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'"  Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added). Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance.  Kruetzer v. Bowersox, 231 F.3d 460,

_____

[3]  As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

"The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon.  Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition.  It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

463 (8th Cir. 2000), <u>cert</u>. <u>denied</u>, 534 U.S. 863 (2001).  Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him or her to meet the statute of limitations deadline.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling.  It appears that in this case, as in <u>Baker</u>, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction."  321 F.3d at 772.  Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III.  CONCLUSION

In sum, the Court finds, for the reasons discussed above, that this action is barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).  The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.  Furthermore, the action should be dismissed with prejudice, because Petitioner is no longer eligible for habeas corpus relief in federal court.

Finally, the Court notes that Petitioner has applied for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, ("IFP"), in this matter.  (Docket No. 3.)  Having determined that this action must be summarily dismissed due to untimeliness, the Court will further recommend that Petitioner's pending IFP application be summarily denied.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii); <u>see</u> <u>also</u>, <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (<u>per</u> <u>curiam</u>) (IFP application should be denied where habeas petition cannot be entertained).

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily

DENIED;

2.   Petitioner's application to proceed in forma pauperis, (Docket No. 3), be DENIED;

and

3.   This action be DISMISSED WITH PREJUDICE.

Dated: September   17 , 2008

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 6, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.