UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gary Cooper,

                Petitioner,

v.

Jessica Symmes,

                Respondent.

**MEMORANDUM OPINION AND ORDER**
Civ. No. 08-5054 ADM/FLN

---

Gary Cooper, pro se.

Michael K. Walz, Esq., Assistant Hennepin County Attorney, Minneapolis, MN, on behalf of Respondent.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Gary Cooper's ("Cooper") Objections [Docket No. 8] to Magistrate Judge Franklin L. Noel's September 17, 2008, Report and Recommendation ("R&R") [Docket No. 7]. Judge Noel recommends that Cooper's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [Docket No. 1] be summarily denied as barred by the statute of limitations. For the reasons set forth below, Cooper's Objections are overruled and the R&R is adopted.

## II. BACKGROUND

The underlying facts that lead to Cooper's conviction are set forth in State v. Cooper. 561 N.W.2d 175 (Minn. 1997). In 1995, Cooper was charged with first-degree murder after he shot and killed a man outside a Minneapolis apartment. See id. at 176-77. Cooper did not dispute at trial that he shot the victim but asserted he had acted in self-defense. Id. at 178. The jury found Cooper guilty of first-degree murder, and he was sentenced to life in prison. Id. On

direct appeal of that conviction, Cooper argued that the evidence was insufficient to allow the jury to find that he acted with premeditation and intent to kill and that the state failed to prove the shooting was not justified by self-defense.  Id. at 176.  The Minnesota Supreme Court disagreed and affirmed Cooper's conviction and sentence on March 27, 1997.  Id. at 181.

The details of Cooper's several state post-conviction petitions are described in a later decision by the Minnesota Supreme Court.  See Cooper v. State, 745 N.W.2d 188 (Minn. 2008). In his first state post-conviction petition, which was filed pro se, Cooper claimed ineffective assistance of trial counsel.  Id. at 190.  That petition was denied without a hearing in March 1998, and Cooper did not appeal.  Id.  Cooper, with representation by counsel, filed a second post-conviction petition in state court in 2003.  Id.  He again claimed that his trial counsel was ineffective and additionally that his appellate counsel was ineffective.  Id.  Cooper's second petition was denied without a hearing, and Cooper did not appeal.  Id.  Proceeding pro se, Cooper filed his third post-conviction petition in state court in April 2007, claiming prosecutorial misconduct, improper communication between the trial judge and the jury, and ineffective assistance of trial and appellate counsel.  Id.  The petition was denied without a hearing, and Cooper appealed to the Minnesota Supreme Court, which affirmed on February 28, 2008, concluding that the claims in the petition were procedurally barred because they either had been raised or were known but not raised on direct appeal or in his previous post-conviction petitions. Id. at 191-94.

On August 29, 2008, Cooper filed the current 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, listing four grounds for relief: (1) ineffective assistance of trial counsel, (2) ineffective assistance of appellate counsel, (3) reversible error by the trial court's failure to

declare a mistrial after the prosecutor made allegedly improper remarks and refusal to allow the jury to review the testimony of a certain witness, and (4) prosecutorial misconduct. Petition at 5-6. Judge Noel recommended that Cooper's petition be denied and the action dismissed with prejudice on the ground it is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). R&R at 8.

### III. DISCUSSION

The district court reviews de novo those portions of a R&R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. R. 72.2(b). "If it plainly appears from the [habeas] petition . . . that the petitioner is not entitled to relief . . . the judge must dismiss the petition . . . ." Rules Governing Section 2254 Cases, R. 4.

In the R&R, Judge Noel concluded that Cooper's habeas petition is time barred under the one-year limitation period established by 28 U.S.C. § 2244(d) for habeas corpus petitions filed by state prisoners. The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on applications for a writ of habeas corpus by state prisoners. 28 U.S.C. § 2241(d)(1). Under the statute, the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

>    (D) the date on which the factual predicate of the claim or claims
>    presented could have been discovered through the exercise of due
>    diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward" the limitation period. 28 U.S.C. § 2244(d)(2).

Cooper's habeas petition makes no suggestion that clauses (B), (C), or (D) of § 2244(d)(1) are applicable. Therefore, the one-year limitations period began to run when the judgment of conviction against Cooper became final by the conclusion of direct review or the expiration of the time for seeking such review. As Judge Noel thoroughly explained, because Cooper did not seek further review of the Minnesota Supreme Court's affirmance of his conviction on direct appeal, the judgment of conviction became final for purposes of § 2244(d)(1)(A) on June 25, 1997, ninety days after the Minnesota Supreme Court issued its decision. Pursuant to § 2244(d)(2), however, the pendency of Cooper's first state post-conviction petition tolled the statute of limitations until the time when Cooper failed to file a timely appeal of the March 18, 1998 denial of that petition. See Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (holding that the limitations period is tolled until the state post-conviction petition has achieved final resolution through the ordinary state collateral review process). Again, as Judge Noel explained, even assuming that the one-year limitations period was tolled the entire time between the Minnesota Supreme Court's decision on direct review and the final resolution of Cooper's first state post-conviction petition, the latest that the one-year limitations period expired was sometime in 1999, approximately nine years before he filed the current habeas petition. Furthermore, Cooper's filing of a second and third state post-conviction petition did not

reset the one-year limitations period.  See Cordle v. Gaurino, 428 F.3d 46, 48 n.4 (1st Cir. 2005).

Cooper does not dispute his habeas petition was untimely, nor does he claim that he is entitled to equitable tolling.  Rather, Cooper objects to Judge Noel's R&R, arguing that the conclusion that the habeas petition is time barred is "based on codes/statutes that are void ab initio."  Objections at 1.  Specifically, he claims that the one-year limitations period in § 2244(d)(1), which he refers to as "procedure," violates his constitutional rights to challenge his conviction in a habeas petition.  See id. at 4-5.   Cooper's argument is without merit.  See Hirning v. Dooley, 209 Fed. App'x 614, 615 (8th Cir. 2006) (joining seven other circuits and holding that if a habeas petition does not involve a claim of actual innocence, § 2244(d) does not violate the Suspension Clause or the Due Process Clause of the United States Constitution).  Cooper makes no claim of actual innocence, and, therefore, the denial of Cooper's habeas petition on the ground that it is time barred under § 2244(d)(1) was proper.

# IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Gary Cooper's Objections [Docket No. 8] to Magistrate Judge Franklin L. Noel's September 17, 2008, Report and Recommendation [Docket No. 7] are **OVERRULED**;

2. The Report and Recommendation is **ADOPTED**; and

3. Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 10, 2008.